IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DANIEL CHAMBERS, | No. C 05-3308 SI |
|---|---|
| Plaintiff, | **ORDER RE: DISCOVERY** |
| v. | |
| SANTA CLARA COUNTY et al., | |
| Defendants. | |

The parties seek resolution of a dispute concerning whether plaintiff's mother and her fiancee should be excluded from plaintiff's deposition.[1] Both Ms. Tucker and Mr. Wittman appeared for plaintiff's January 24, 2007 deposition. Defense counsel terminated the deposition because plaintiff would not agree to proceed without the presence of Ms. Tucker and Mr. Wittman.[2] Plaintiff, who is pro se, was represented at the deposition by specially-appearing counsel.

Defendants seek an order excluding Ms. Tucker and Mr. Wittman from attending plaintiff's resumed deposition. Defendants raise a number of arguments in support of excluding Ms. Tucker and Mr. Wittman. Most persuasively, defendants argue that plaintiff may be inhibited from giving full and truthful testimony about the sensitive issues in this case in the presence of either Ms. Tucker or Mr. Wittman.

Plaintiff asserts that defendants do not have "standing" to raise this issue, and suggests that only a plaintiff may seek to exclude a witness from a deposition based upon feelings of intimidation or

---

[1] The letter briefs are found at Docket Nos. 60 and 61.

[2] Plaintiff's counsel offered to exclude Mr. Wittman "just for the sake of trying to get the deposition to move forward," deposition at 5, but refused to exclude Ms. Tucker absent a court order.

harassment. Plaintiff cites no authority for this proposition, and it is contradicted by the broad language of Federal Rule of Civil Procedure 26(c)(5), which provides that the Court may, in its discretion, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "that discovery be conducted with no one present except persons designated by the court."

The Court concludes that, in light of the extremely sensitive and potentially embarrassing deposition topics, it is appropriate to exclude Ms. Tucker and Mr. Wittman from plaintiff's deposition. Plaintiff will be questioned about the events leading to his removal from his mother's house, and will likely be questioned about his relationships with Ms. Tucker and Mr. Wittman. Under these circumstances, plaintiff's desire for the support of Ms. Tucker and Mr. Wittman is outweighed by the need to ensure full and frank deposition testimony. As defense counsel stated during the January 24, 2007 deposition, both Ms. Tucker and Mr. Wittman can wait outside of the deposition room and confer with plaintiff during breaks. Furthermore, presumably plaintiff will again be represented by an attorney at the deposition.

Defendants also seek to seal plaintiff's deposition transcript until after Ms. Tucker and Mr. Wittman have been deposed in this case out of a concern that plaintiff's deposition testimony could influence Ms. Tucker's and Mr. Wittman's own testimony. The Court does not find this concern well-founded. Both Ms. Tucker and Mr. Wittman have been deposed at length in the related action, *Wittman v. Saenz*, 02-2893, on many of the issues raised in this case. To the extent either Ms. Tucker or Mr. Wittman may be improperly influenced by plaintiff's deposition testimony, their own prior deposition testimony will provide a significant counterweight to such influence.

Finally, the Court denies plaintiff's request that defendants be ordered to pay for plaintiff's attorneys' fees for attending the deposition and assisting with plaintiff's discovery letter brief.

The parties are ordered to meet and confer regarding scheduling the resumed deposition of plaintiff. Plaintiff's deposition shall take place **prior to March 23, 2007.**

**IT IS SO ORDERED.**

Dated: February 14, 2007

SUSAN ILLSTON
United States District Judge

2